(85 App. Div. 249.)

### PEOPLE ex rel. COURTNEY v. UNGER et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. MANDAMUS—COMPELLING COUNTING OF REJECTED BALLOT—INSPECTION OF BALLOT—POWER OF COURT—REVIEW ON APPEAL.

Where an order to show cause why a peremptory writ of mandamus, compelling the board of canvassers to count a vote cast at a town meeting and rejected by them, should not be granted, directed the ballot box to be presented to the court at which the order was returnable, the power of the judge at Special Term, on hearing of the motion, to open the box and inspect the ballots, cannot be challenged on appeal from the order; no motion having been made to strike such provision therefrom, and it not appearing that objection was made at such hearing to his inspection of the ballot.

2. SAME—ISSUES—MATERIALITY.

The ballot being before the court, all questions of fact on the affidavits as to what was the form of the ballot were immaterial, and did not raise an issue requiring the granting of an alternative writ.

3. SAME—APPEAL—VALIDITY OF BALLOT.

Where the ballot was not produced before the court on appeal, and it had no copy thereof, it could not review the lower court's decision as to its validity.

Parker, P. J., dissenting.

Appeal from Special Term, Hamilton County.

Mandamus by the people, on the relation of William N. Courtney, against George Unger and others, as members of the board of inspectors and canvassers of the town of Arietta. From certain parts of the order made, directing a peremptory writ to issue to compel said board to recount the votes cast at a certain election, and on such recount to count a certain vote rejected by them on the original count, they appeal. Appeal dismissed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Eugene D. Scribner, for appellants.

Frank L. Anderson (Andrew J. Nellis, of counsel), for respondent.

SMITH, J. Upon the canvass of the votes cast at a town meeting in the town of Arietta on March 19, 1901, the board of canvassers rejected one vote as being void; having indorsed the same, "Marked for identification." This application was made for a peremptory writ of mandamus compelling the board to count the said ballot. In the order to show cause why the peremptory writ should not be granted, the justice granting the same directed the ballot box to be presented to the court at which the said order was returnable. Upon the return

of the order, the justice opened the ballot box and examined the ballots, and thereupon made the order directing the board to reconvene and count the said ballot. From this order, this appeal is taken.

The power of the judge at Special Term, upon the hearing of this motion, to open the ballot box and inspect the ballots, cannot here be challenged. The order directing that the ballot box be produced for opening having been included in the order to show cause, and no motion having been made to strike this provision therefrom, the question is not here for review. Nor does it appear that, upon the argument of the motion, any objection was made that the judge at Special Term make inspection of the ballot.

The ballot then being before the court, all questions of fact upon the affidavits as to what was the form of the ballot are immaterial, and do not raise an issue which requires the granting of an alternative writ. The question, then, was a question of law—as to what were the rights of the parties upon the ballot which was before the court. If this question had been improperly decided by the learned judge at Special Term, this court would have the power, upon this appeal, to review his decision; but we are confronted with the difficulty that the ballot has not been produced before us, nor have we any copy thereof, from which we can determine whether or not the judge properly decided that this ballot was valid. If we assume, for the argument, that a ballot so marked as to be void should not be counted, although indorsed, "Marked for identification," we are required upon this appeal to assume, in support of the order appealed from, that the ballot was not so marked as to be void, in the absence of the ballot itself, or of a copy thereof. As we are unable, then, from the lack of a proper record, to consider this appeal upon its merits, the appeal itself should be dismissed, with $10 costs and disbursements.

Appeal dismissed, with $10 costs and disbursements. All concur, except PARKER, P. J., who dissents.